Howard A. Belodoff ISB 2290
Law Office of Howard A. Belodoff, PLLC
1004 W. Fort Street
Boise, ID  83702
Telephone: (208) 331-3378
Facsimile: (208) 947-0014
hbelodoff@hotmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINA BERGSTROM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CORIZON, L.L.C., a Missouri Corporation, ) <br> STACIE DYE, AMY SMITH, AMANDA ) <br> GENTRY, Warden Pocatello Women's ) <br> Correctional Center, and JOHN/ JANE ) <br> DOES 1-10, Identities that are Unknown ) <br> at this time, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 1:20-cv-267-CWD <br><br> MEMORANDUM IN SUPPORT OF MOTION TO WAIVE BOND OR SET BOND FOR STATE CLAIMS UNDER IDAHO CODE § 6-310 |

COME NOW Plaintiff, CHRISTINA BERGSTROM, by and through her attorney, Howard A. Belodoff, of the Law Office of Howard A. Belodoff, P.L.L.C., to hereby submit this Memorandum in support of the Motion to waive the bond or alternatively set the bond required by Idaho Code § 6-310 for purposes of the state law claims against Defendant Gentry at no more than $250.00.  In Idaho, a plaintiff is required to post a bond when filing a lawsuit against any law enforcement officer when the action arises out of the performance of his duty. *Gordan Ocampo v. Corizon,* LLC, 1:18-CV-00047-DCN, 2019 WL 1495251, at *10 (D. Idaho Apr. 4, 2019) (citing Idaho Code § 6-610).  Once the bond amount is fixed and posted, "[a]t any time

MEMORANDUM IN SUPPORT OF MOTION TO WAIVE BOND OR SET BOND FOR STATE CLAIMS UNDER IDAHO CODE § 6-310 - Page 1

during the course of a civil action against a law enforcement officer, the defendant or respondent may except to the sufficiency of the sureties or to the amount of the bond." I.C. § 6-610(4). The stated purpose of Idaho Code § 6-610's bond requirement is, "in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court." I.C. § 6-610(2).

This action is primarily an action brought under 42 U.S.C. §1983 for violation of Plaintiff's 8th Amendment right to be free from the Defendants' deliberate indifference to her serious medical needs. The delays and denial of medical care for Plaintiff's painful and deteriorating condition caused her to be hospitalized for treatment and subsequently transported to the University of Utah for a lifesaving surgery. Plaintiff continued to suffer pain after the surgery and has permanent injuries. The state law claim is brought under the Idaho Tort Claims Act, I.C. § 6-901 *et seq.* In order to obtain an award of attorney fees and costs, the ITCA requires a showing "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." I.C. § 6-918A (emphasis added). The Idaho Court of Appeals has held that this standard, not I.C. § 6-610, applies exclusively to motions for awards of costs and fees in cases brought against Idaho law enforcement officers. *Beehler v. Fremont County*, 145 Idaho 656, 659 (Ct. App. 2008).

Idaho Code § 6-904B requires that Plaintiff prove the Defendant acted with "malice or criminal intent [or] with[ ] gross negligence or reckless, willful and wanton conduct as defined in section 6-904C," in any claim that "[a]rises out of any act or omission providing or failing to provide medical care to a prisoner or person in the custody of any city, county or state

jail, detention center or correctional facility." Even in the unlikely event the Defendant prevails on this immunity defense, Defendant will be unable to prove that Plaintiff acted in bad faith with clear and convincing evidence under the facts alleged in the Complaint. Plaintiff has only recently been release from prison and even though she is employed makes too little to support herself and her two children. *See* Declaration of Christina Bergstrom filed in support of the Motion to Waive or Set Bond. She is currently residing with her mother and only has limited resources to pay rent and her monthly living and work related expenses. *Id.* She borrowed the money from her mother to pay the filing fee in this action. *Id.*

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff hereby requests that the Court to waive or set the required bond at no more than $250.00.

DATED this 26th day of August, 2020.

Law Office of Howard A. Belodoff, PLLC

/s/_____
Howard A. Belodoff
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of August, 2020, I caused to be electronically served by email a true and correct copy of the foregoing document to the following persons:

| | |
|---|---|
| J. Kevin West<br>Parsons, Behle & Latimer<br>KWest@parsonsbehle.com | Dylan A. Eaton<br>Parsons, Behle & Latimer<br>DEaton@parsonsbehle.com |
| Dayton P. Reed<br>Office of Attorney General<br>dayton.reed@ag.idaho.gov | |

/s/_____
Howard A. Belodoff