Dylan A. Eaton, ISB #7686
DEaton@parsonsbehle.com
Andrew R. Alder, ISB #9971
AAlder@parsonsbehle.com
Parsons, Behle & Latimer
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:	(208) 562-4900
Facsimile:	(208) 562-4901

Counsel for Defendants Corizon, LLC, Stacie Dye and Amy Smith

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINA BERGSTROM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CORIZON, L.L.C., STACIE DYE, AMY SMITH, AMANDA GENTRY, WARDEN POCATELLO WOMEN'S CORRECTIONAL CENTER, and JOHN/JANE DOES 1-10,<br><br>　　　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-cv-00267-CWD<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Defendants, Corizon, LLC, Stacie Dye, and Amy Smith ("Corizon Defendants"), by and through their counsel of record, the law firm of Parsons Behle & Latimer, hereby move to dismiss any and all claims asserted by Plaintiff against Corizon Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) and any other applicable rules and laws.

**I.	INTRODUCTION**

The Court should dismiss Corizon, LLC, Stacie Dye, and Amy Smith from this case because the Complaint fails to make any specific, factual allegations against them. Indeed, with the exception of a single paragraph introducing defendants Stacie Dye and Amy Smith, there is

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 1
4838-7948-9993v1

not a single allegation in the complaint specific to these defendants. Rather, the Complaint lumps all defendants together, generically claiming that "Defendants" engaged in allegedly wrongful conduct. This type of "group pleading" is insufficient to put each Corizon defendant on notice of what it must defend. Additionally, the Complaint fails to allege any Corizon policy or custom that caused a constitutional violation.

## II.    ALLEGATIONS IN THE COMPLAINT

The Complaint alleges that Ms. Bergstrom was incarcerated at the Pocatello Women's Correctional Center in Pocatello, Idaho ("PWCC") at the time of the alleged events.[1] (Compl. ¶¶ 1-2, 18.) On June 5, 2018, she had three wisdom teeth extracted, one of which broke into pieces. (*Id.* ¶¶ 22-24.) On July 7, 2018, she experienced bleeding as well as pain and swelling. (*Id.* ¶¶ 27-28.) She claims that on June 8 and 9, 2018, she notified "medical staff" about the pain, swelling and bleeding. (*Id.* ¶ 29.) The medical staff took her vital signs but allegedly did not provide antibiotics. (*Id.* ¶¶ 30-31.) Ms. Bergstrom claims she notified correctional officers about her pain and inability to sleep and eat, and the officers allowed her to stay in the day room overnight. (*Id.* ¶¶ 33-37, 18.) Medical staff provided acetaminophen and gauze. (*Id.* ¶¶ 39-40, 43-45.) Ms. Bergstrom claims she "was told her vital signs were normal" and there was nothing more they could do. (*Id.* ¶¶ 46-48.) She claims she continually told medical staff the pain and swelling were worsening, and that she was told her requests for pain medication would be denied because she just wanted drugs. (*Id.* ¶¶ 58-59).

The Complaint further alleges that on June 9, 2018, medical staff contacted the "PWCC's Practitioner" and requested that she come to the prison to see Ms. Bergstrom. When the

---

[1] Based on information and belief, on or about April 17, 2020, Ms. Bergstrom was released from the custody of the Idaho Department of Corrections and is no longer incarcerated.

Practitioner came, she told medical staff that Ms. Bergstrom needed to be transported to the hospital. (*Id.* ¶¶ 63-65). Ms. Bergstrom was transported to Portneuf Regional Medical Center where she was diagnosed and treated for Ludwig's Angina. (*Id.* ¶¶ 66-72.) Later, she was transferred to the University of Utah where she underwent surgery to remove the infection. (*Id.* 75-79.) She returned to the prison on June 22, 2018 and continued to experience complications. (*Id.* ¶¶ 86-93.)

Ms. Bergstrom's Complaint names the following defendants: Corizon, LLC, Stacie Dye, Amy Smith, Amanda Gentry, and John/Jane Does 1-10. Defendant Amanda Gentry was allegedly the Idaho Department of Correction "Warden" of the PWCC, and John/Jane Does 1-10 were "unknown individuals employed by the Idaho Department of Corrections." (*Id.* ¶¶ 15-16.) Regarding Stacie Dye and Amy Smith, the Complaint merely identifies them as Corizon employees and alleges that

> 5. Defendant Corizon L.L.C., its unknown employees, contractors and/or agents, Defendant **Stacie Dye**, and Defendant **Amy Smith**, hereinafter "Corizon Defendants" and Defendant Amanda Gentry and other unknown employees, contractors and/or agents of the Idaho Department of Correction, by their actions, customs, practices and policies, under color of state law, were deliberately indifferent to Plaintiff's medical condition and severe pain in violation of the Eighth Amendment to the United States Constitution.
>
> . . . .
>
> 14. Defendant **Stacie Dye** and Defendant **Amy Smith** were employed by Corizon to provide medical services at PWCC and on information and belief engaged in the acts or omissions which are the subject of this action.

(*Id.* ¶¶ 5, 14.). There are no other allegations in the Complaint specific to Defendants Stacie Dye and Amy Smith. The Complaint alleges generically that "Defendants" were responsible for providing medical care and treatment; that "Defendants" exhibited deliberative indifference by

delaying and failing to provide or respond to requests for necessary treatment; that "Defendants" have a history, custom, policy, and practice of denying, delaying, ignoring, and improperly responding to inmate medical requests; and that "Defendants" did not properly supervise the "medical staff" who denied and delayed Plaintiff's medical treatment. (*Id.* ¶¶ 101-104.)

The Complaint asserts two claims for relief: First Claim for Relief (Eighth Amendment) and Second Claim for Relief (Negligent, Reckless, Willful and Wanton Conduct, Training and Supervision). The First Claim for Relief makes broad, conclusory allegations against all "Defendants." (*Id.* ¶¶ 109-119.) It fails to articulate *who* is alleged to have done *what* to *whom*. The First Claim also fails to allege any specific Corizon policy or custom giving rise to a constitutional claim. Similarly, the Second Claim for Relief makes broad, conclusory allegations against "Corizon" and "Corizon Defendants." (*Id.* ¶¶ 121-129.) It fails to articulate any specific acts committed by Defendants Stacie Dye and Amy Smith. The Second Claim also lumps multiple causes of action into a single cause of action.

### III.   LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must satisfy two requirements. First, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012); *see also Dana v. Tewalt*, 1:18-cv-00298-DCN, 2020 WL 1545786, at *21 (D. Idaho Apr. 1, 2020) ("This type of 'group pleading' is insufficient to put [the defendant] on notice of what it must defend.") (citing *Medina v. Bauer*, No. 02 CIV. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and

failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8. Specifically, the allegations fail to give adequate notice to these defendants as to what they [allegedly] did wrong.")).

Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. A court must accept as true all well-pleaded factual allegations made in the complaint, but "is not . . . 'required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Dana*, 1:18-cv-00298-DCN, 2020 WL 1545786, at *5 (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## IV.   ARGUMENT

Corizon, LLC, Stacie Dye, and Amy Smith should be dismissed from this case, because the Complaint does not "contain sufficient allegations of underlying facts to give fair notice and to enable [these Defendants] to defend [themselves] effectively." *Starr*, 652 F.3d at 1216. The Complaint contains vague allegations and conclusory statements regarding "Defendants" as a group, without connecting any of the individual defendants to any of the alleged wrongful conduct. The Complaint does not make <u>any</u> specific allegations related to Stacie Dye or Amy Smith. As for Corizon, the Complaint lumps Corizon with all "Defendants" as to certain allegations, and with IDOC as to certain claims. Additionally, the Complaint fails to allege a specific Corizon policy or custom that gave rise to an Eighth Amendment violation. All claims against Corizon, Stacie Dye, and Amy Smith should be dismissed.

    **A.**     **The Court Should Dismiss All Claims Against Stacie Dye and Amy Smith Because Ms. Bergstrom Impermissibly Relies on "Group Pleading" and Fails to Allege a Single Specific Act Committed by these Defendants.**

Mr. Bergstrom's Complaint mentions Stacie Dye and Amy Smith only twice. Both references to these Defendants merely identify them as Corizon employees who were allegedly deliberately indifferent to Plaintiff's medical condition and severe pain. (Compl. ¶¶ 5, 14.) Stacie Dye and Amy Smith appear nowhere else in the Complaint except to the extent they are generally lumped together with "Defendants" and "Corizon Defendants."

A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (emphasis in original). "To carry their burden, plaintiffs under the *Twombly* standard must do more than generally use the collective term 'defendants.'" *VanZandt v. Oklahoma Dep't of Human Servs.*, 276 F. App'x 843, 849 (10th Cir. 2008) (quoting *Robbins*, 519 F.3d at 1250). Courts across the country have repeatedly held that group pleading is impermissible, particularly when a plaintiff attempts to plead constitutional violations. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (unpublished); *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012); *Robbins*, 519 F.3d at 1249; *Regents of the Univ. of California v. Aisen*, No. 15-CV-1766-BEN (BLM), 2016 WL 4096078, at *3 (S.D. Cal. Apr. 22, 2016) (collecting cases). Thus, Ms. Bergstrom "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 6
4838-7948-9993v1

Ms. Bergstrom's Complaint repeatedly and impermissibly engages in group pleading. It does not make any specific allegations against Stacie Dye and Amy Smith. Instead, the Complaint makes allegations against "Defendants," apparently grouping Stacie Dye and Amy Smith together with Corizon, Amanda Gentry (an IDOC Warden), and John/Jane Does (IDOC employees). Even more confusing, many of the allegations regarding the actual medical care at issue do not even refer to "Defendants" or "Corizon Defendants" but instead refer to "medical staff." It is entirely unclear who "medical staff" are and whether Ms. Bergstrom intended to lump any, or all, of the defendants together with "medical staff." In any event, there are no allegations anywhere in the Complaint making clear what wrongful acts Stacie Dye and Amy Smith committed.

Specifically, the First Claim For Relief (Eighth Amendment) refers generically to "Defendants" and includes multiple allegations that cannot possibly relate to Stacie Dye and Amy Smith. For example, the claim includes allegations of a "duty to select and retain competent employees," a "duty to properly and reasonably train, monitor, and supervise its employees," a "duty to formulate, adopt and enforce necessary policies," and a "failure to ensure compliance with the Idaho Department of Correction's Contract." (Compl. ¶¶ 111-115.) Because there are no allegations in the First Claim for Relief regarding specific acts committed by Stacie Dye and Amy Smith, and because the allegations only refer to "Defendants," it is entirely unclear, which, if any, of the allegations are intended to be made against Stacie Dye and Amy Smith.

As for the Second Claim for Relief (Negligent, Reckless, Willful, and Wanton Conduct, Training and Supervision), most of the allegations are made against "Corizon" only. Only paragraphs 127-128 allege that "Corizon Defendants" breached a duty of care owed to Plaintiff. However, the allegations within these paragraphs are vague and conclusory, they lump multiple defendants together, and they fail to articulate *who* did *what to whom*.

"By lumping all the defendants together and failing to distinguish their conduct, [the complaint] fails to satisfy the requirements of Rule 8. Specifically, the allegations fail to give adequate notice to these defendants as to what they [allegedly] did wrong." *Medina v. Bauer*, No. 02 CIV. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004). Thus, the Court should dismiss Ms. Bergstrom's claims against Stacie Dye and Amy Smith, including both the First Claim for Relief and the Second Claim for Relief.

### B. The Court Should Dismiss All Claims Against Corizon, LLC, Because the Complaint Fails to Identify Any Corizon Policy or Custom that Caused a Constitutional Violation and the Allegations are Conclusory and Confusing.

#### 1. The First Claim for Relief should be dismissed as to Corizon, LLC, because the Complaint fails to identify any Corizon policy or custom that caused a constitutional violation.

Ms. Bergstrom's First Cause of Action is based upon an alleged violation of the Eighth Amendment.[2] Ms. Bergstrom alleges generically that "Defendants" committed violations of the Eight Amendment.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (citation omitted). However, the doctrine of *respondeat superior* does not apply in § 1983 cases. *Id.* at 1139. And "[a] private entity is not liable simply because it employed individuals who allegedly violated a plaintiff's constitutional rights." *Larsgard v. Corizon Health, Inc.*, No.

---

[2] Though the First Claim for Relief references the Eighth Amendment, the cause of action otherwise fails to articulate the applicable federal statutes and law giving rise to a Constitutional claim under the Eighth Amendment, and is confusing as it appears to combine an Eighth Amendment claim together with allegations regarding Defendants' "duties" to retain competent employees and to properly and reasonably train, monitor, and supervise its employees – allegations that do not form the basis of a Constitutional claim under the Eighth Amendment.

CV 13-01747-PHX-SPL, 2014 WL 5340581, at *6 (D. Ariz. Oct. 21, 2014). Instead, to establish liability against a municipality or private entity acting under color of state law, a plaintiff must prove that (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional rights; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001); *see also Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) ("[A] plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom.").

"Policy" and "custom" have precise definitions. "A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quotation marks, citation, and ellipsis omitted). In addition, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).While the Ninth Circuit previously "require[d] nothing more than 'a bare allegation that government officials' conduct conformed to some unidentified government policy or custom,' this precedent did not survive *Iqbal*." *Little v. Gore*, 148 F. Supp. 3d 936, 957 (S.D. Cal. 2015) (quoting *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012)). "Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom." *Id.*

Here, Ms. Bergstrom's First Claim for Relief fails to identify any Corizon "policy" or "custom" that was the "moving force" behind the alleged delay and failure to respond to Ms. Bergstrom's complaints. *See Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). At best, the Complaint makes vague and conclusory allegations of a policy or custom that lack any factual support and are nothing more than "labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. "Simply describing allegedly problematic or illegal behavior and appending the phrase 'pursuant to a custom or policy' to that description is not sufficient to plead municipal liability." *Flores v. City of California City*, No. 118CV00703DADJLT, 2019 WL 1934016, at *5 (E.D. Cal. May 1, 2019).

For example, in the Complaint's "General Allegations" section, Ms. Bergstrom alleges that Defendants "by their actions, customs, practices and policies, under color of state law, were deliberately indifferent to Plaintiff's medical condition and severe pain in violation of the Eighth Amendment to the United States Constitution." (*Id.* ¶¶ 5-6.) Later in the Complaint, Ms. Bergstrom alleges that "Defendants purposefully, intentionally and recklessly have a history, custom, policy, and practice of denying, delaying, ignoring, and improperly responding to inmate medical requests and not taking proper and timely actions to prevent needless pain and injuries caused by a serious medication condition." (*Id.* ¶ 103.) Such broad and conclusory allegations do not "identify the specific content" of the supposed policy that would give rise to an Eighth Amendment claim. *Little*, 148 F. Supp. 3d at 957. Corizon is unable to formulate a response because the description is conclusory and lacks any detail regarding the actual content of the alleged policy. Indeed, "A plaintiff cannot simply restate . . . standards of law in a complaint" but instead "must provide specific facts that support the element of each claim and must allege facts showing a causal link between each defendant and his or her injury or damage." *Dana v. Tewalt*, 1:18-cv-00298-DCN,

2020 WL 1545786, at *6 (D. Idaho Apr. 1, 2020). "Alleging "the mere possibility of misconduct" is not enough. *Id.* (quoting *Iqbal*, 556 U.S. at 679).

What is more, all of the allegations in the Complaint's First Claim for Relief – as well as all other general allegations elsewhere in the complaint referencing "customs, practices and policies" – are made against "Defendants" generally. The allegations do not identify Corizon specifically, and it is unclear whether Ms. Bergstrom is referring to a policy of Corizon, IDOC, or some other defendants. "This type of 'group pleading' is insufficient to put Corizon on notice of what it must defend." *Dana*, 1:18-cv-00298-DCN, 2020 WL 1545786, at *21 (citing *Medina v. Bauer*, No. 02 CIV. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8. Specifically, the allegations fail to give adequate notice to these defendants as to what they [allegedly] did wrong.").

> **2. The Second Claim for Relief (Negligent, Reckless, Willful and Wanton Conduct, Training and Supervision) should be dismissed as to Corizon because Ms. Bergstrom makes only conclusory allegations and fails to put Corizon on notice of what theory of liability to defend.**

Under a single claim for relief, Ms. Bergstrom attempts to assert "negligence, reckless, willful and wanton conduct, and training and supervision." Some of the allegations are made against "Corizon" and some are made against "Corizon Defendants." This "Second Claim for Relief" combines multiple causes of action that should be independent causes of action and is conclusory in nature, failing to connect particular conduct or acts to particular defendants.

The Second Claim for Relief does not make a short and plain statement regarding the underlying theory of liability that forms the basis for this claim against Corizon. Presumably, a claim for "medical malpractice" against Corizon as an entity must be based upon a theory of *respondeat superior* and/or vicarious liability. But Ms. Bergstrom does not specifically plead such

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 11
4838-7948-9993v1

a cause of action. There is no claim styled as "respondeat superior" or "vicarious liability." Indeed, the words "*respondeat superior*" or "vicarious liability" do not appear anywhere in the Complaint. There also is no specific allegation that a Corizon employee or employees committed wrongful acts "within the course and scope of their employment" with Corizon. *See, e.g.*, *Finholt v. Cresto*, 143 Idaho 894, 897 (2007) (holding that under the doctrine of respondeat superior, "an employer is liable in tort for the tortious conduct of an employee <u>committed within the scope of employment</u>"); *see also Nava v. Rivas-Del Toro*, 151 Idaho 853, 861 (concluding that the trial erred by applying I.C. §6-1607(3), which entitles an employer to a pre-trial hearing regarding certain issues concerning employer liability, because the complaint did not properly allege a tort claim based upon respondeat superior).

Other potential causes of action contained within the Second Claim for Relief are vague and confusing and fail to put Corizon on sufficient notice of the claims it must defend. Claims such as negligent retention, training and supervision require a showing of the employer's own negligence in failing to exercise due care to protect third parties from the foreseeable tortious acts of an employee, Ms. Bergstrom makes no such facts to support her conclusory allegations . *See Rausch v. Pocatello Lumber Co., Inc.*, 135 Idaho 80, 86 (2000); *Doe v. Garcia*, 131 Idaho 578 (1998). Ordinarily, employer liability under a theory of negligent hiring, retention, and supervision is a separate and distinct cause of action from *respondeat superior*/vicarious liability. *See, e.g.*, *Davis v. Macey*, 901 F. Supp.2d 1107, 1111 (N.D. Ind. 2012) ("Employer liability under negligent hiring and retention is a separate and distinct cause of action from respondeat superior, and <u>it accrues when an employee steps beyond the recognized scope of employment to commit a tortious injury upon a third party</u>.") (emphasis added); *Poplin v. Bestway Express*, 286 F.Supp.2d 1316 (M.D. Ala. 2003) (explaining that negligence under a respondeat superior theory and theories of

primary employer liability are recognized as separate causes of action, whether the employer admits liability for the employee's actions or denies agency); *Niece v. Elmview Grp. Home*, 131 Wash. 2d 39, 48 (1997) (holding that liability under causes of action for negligent hiring, retention and supervision is "analytically distinct and separate from vicarious liability" because these causes of action are "based on the theory that such negligence on the part of the employer is a wrong to the injured party, entirely independent of the liability of the employer under the doctrine of respondeat superior"); *Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990) (holding that vicarious liability for the negligence of another is a separate cause of action that must be specifically pled in the complaint).

Finally, vaguely lumped into Plaintiff's Second Claim for Relief is a claim of "reckless, willful, and wanton conduct." No such cause of action exists under Idaho law. The Idaho Supreme Court has held that "willful or reckless misconduct" is not an independent cause of action. *Carrillo v. Boise Tire Co., Inc.*, 152 Idaho 741, 751 (2011). Rather, "willful or reckless misconduct . . . is simply a <u>degree of negligence</u> . . . that involves <u>both intentional conduct and knowledge of a substantial risk of harm</u>." *Id.* (emphasis added).

In summary, Plaintiffs do not make a short and plain statement regarding the underlying theory of liability that forms the basis for the Second Claim for Relief. Is the basis for this claim medical malpractice by Corizon as an entity? Is it respondeat superior/vicarious liability based upon negligent conduct of an employee acting within the course of his or her employment? Is it negligent hiring, training, supervision, and/or retention? If it is more than one of the above theories, they should have been pled as independent causes of action. Is it asserted against Corizon or other Defendants since it generically asserts Corizon Defendants in some of the allegations in this cause of action? Defendants are left guessing. Instead, Plaintiff essentially alleges a bunch of allegedly

bad things that Corizon and "Corizon Defendants" allegedly did and threw all of those the allegations into a generally phrased "negligence, reckless, willful and wanton conduct, training and supervision" claim for relief. Such pleading fails to satisfy the requirements of Rule 8 and fails to give adequate notice to defendants as to what they allegedly did wrong.

## V.     **DISMISSAL WITH PREJUDICE**

This is not Plaintiff's first attempt at bringing a lawsuit arising out of the same underlying events. Over a year and a half ago, on January 29, 2019, Plaintiff filed a complaint in the District Court of the Sixth Judicial District of the State of Idaho.[3] Declaration of Dylan A. Eaton ("Eaton Decl.") ¶ 5, Ex. C. An amended complaint was filed in that matter on August 14, 2019. Eaton Decl. ¶ 3, Ex. A. The state court amended complaint asserted allegations arising from the exact same underlying events and during the same time period that is at issue in this federal case. *Id.* The Defendants in that case, including Corizon, moved for summary judgment arguing Plaintiff failed to exhaust administrative remedies before filing the state lawsuit as required under the Prison Litigation Reform Act. The court granted the defendants' motion and dismissed the case without prejudice. Eaton Decl. ¶ 4, Ex. B. Plaintiff never attempted to re-file the case in state court, and the state court matter was administratively closed. Eaton Decl. ¶ 5. Ex. C. Presumably in an inappropriate effort to go forum shopping, Plaintiff now attempts to bring claims in federal court arising from the same alleged time period and events that were at issue in the prior state court case.

Whether to allow a plaintiff to amend the complaint is discretionary, and "[l]eave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v.*

---

[3] A court may consider matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Judicial orders and decisions and other court records are properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001), *abrogated on other grounds as stated in Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

*AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Dana*, 1:18-cv-00298-DCN, 2020 WL 1545786, at *5 (denying plaintiff leave to amend her claims against Corizon after plaintiff had already had multiple "opportunities and was unable to meet her burden"); *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (among the factors courts can consider in determining whether an amendment should be allowed are prejudice to the opposing party and whether the plaintiff has previously amended the complaint).

     Here, Plaintiff has had multiple opportunities in multiple courts to file an appropriate complaint asserting viable allegations against defendants. After amending the complaint once in the state court action, filing a complaint in federal court after Plaintiff's state court case was dismissed without prejudice is akin to yet another attempt to amend the complaint. Now over a year and half after initiating state court litigation arising out of the same underlying events, Plaintiff has still failed to allege sufficient facts in order to plead a viable cause of action. Allowing Plaintiff to engage in forum shopping and to continue amending her complaint is prejudicial to Defendants. As indicated above, this case was previously litigated in state court where it was dismissed without prejudice over six months ago and subsequently administratively closed by the court. Corizon Defendants have moved on, and it is very prejudicial to allow Plaintiff's improper attempts to resurrect this case now after prior litigation on the same subject matter and same time period, especially when Plaintiff still cannot state a viable claim against these defendants so that defendants know what claims they are defending against. Thus, the Court should not give Plaintiff further leave to amend her complaint, and the claims against Corizon, LLC, Stacie Dye, and Amy Smith should be dismissed with prejudice.

## VI. **CONCLUSION**

For the above reasons, and any additional reasons to be stated at a hearing on this matter, the Court should grant Corizon Defendants' Rule 12(b)(6) motion and dismiss with prejudice all claims against Corizon, LLC, Stacie Dye, and Amy Smith.

DATED this 2nd day of September, 2020.

                          PARSONS BEHLE & LATIMER

                          By: */s/ Dylan A. Eaton*
                               Dylan A. Eaton
                               Andrew R. Alder
                               Counsel for Defendants Corizon, LLC,
                               Stacie Dye and Amy Smith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of September, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Howard A. Belodoff
Law Office of Howard A. Belodoff, PLLC
hbelodoff@hotmail.com
*(Counsel for Plaintiff)*

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton
    Andrew A. Alder