UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINA BERGSTROM,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON, LLC et al.,<br><br>    Defendants. | Case No. 1:20-cv-00267-MDH |

**ORDER**

Before the Court is Defendant's Motion to Dismiss All Claims Against Warden Gentry with Prejudice (Doc. 22) and Defendants' Rule 12(f) Motion to Strike Allegations from Plaintiff's Complaint (Doc. 27). For the reasons set forth herein, the Motion to Dismiss is **DENIED** and the Motion to Strike is **GRANTED**.

**BACKGROUND**

The lawsuit at issue was filed by Plaintiff Christina Bergstrom, an inmate at the Pocatello Women's Correctional Center ("PWCC") who is now on parole. (Doc. 22-1, 2). Defendant Warden Amanda Gentry ("Warden Gentry") is the only Idaho Department of Correction ("IDOC") defendant in this case. *Id*. The allegations in the Complaint (Doc. 19) stem from a medical procedure performed on Plaintiff on June 5, 2018. (Doc. 22-1, 2). On that date, Plaintiff had three wisdom teeth extracted by an on-call dentist. (Doc. 19, 4). She began experiencing pain and swelling on June 7, 2018. *Id*. at 5. On June 9, 2018, she was transported to Portneuf Medical Center and then to the University of

Utah Medical Center. *Id*. at 10.

Plaintiff seeks monetary damages from all Defendants for "delaying and failing to provide her with medical care to address a serious medical condition thereby causing her to suffer the unnecessary infliction of pain and permanent injuries." *Id*. at 2. Plaintiff also seeks declaratory relief that her Eighth Amendment rights were violated by Defendants. (Doc. 19, 23). Plaintiff alleges that Defendant Corizon L.L.C., by its actions, customs, policies, and practices, under color of state law, failed to provide Plaintiff with medical treatment for a serious medical condition and was deliberately indifferent to Plaintiff's medical condition in violation of the Eighth Amendment to the Constitution and in violation of state law. (Doc. 19, 2). Plaintiff alleges that Warden Gentry by her actions, customs, practices and policies, under the color of state law, was deliberately indifferent to Plaintiff's medical condition and severe pain in violation of the Eighth Amendment. *Id*.

Plaintiff was classified as minimum custody and was housed in the PWCC's minimum custody unit which is located outside the main prison on the same site. *Id*. at 4. Plaintiff alleges that after her wisdom teeth extraction, Plaintiff was not given antibiotics (*Id*. at 5) and began experiencing pain and swelling on one side of her mouth. *Id*. Plaintiff alleges that on June 8th and 9th, 2018, Plaintiff continually notified correctional officers in her unit about her pain, swelling and bleeding, that she could not sleep or eat, and needed and had requested medical treatment to alleviate her pain, swelling and bleeding. *Id*. Plaintiff alleges she was not taken to be examined by a qualified health care professional and that her pain and swelling only increased. *Id*. at 6. She generally alleges that her condition was obvious to prison officials, that she was not given appropriate treatment, that the treatment was so deficient as to constitute cruel and unusual punishment. *Id*. 6-14. Plaintiff also alleges, after she was eventually hospitalized, that she was restrained in her hospital bed with shackles and was guarded by two correctional officers for a prolonged period of time. *Id*. at 23.

Plaintiff requests in her First Amended Complaint the Court to take judicial notice of exhibits

from "Dkt. 92-1 and the exhibits cited therein" in *Ocampo v. Corizon*, Case No. 1:18-cv-00047-DCN. (Doc. 31, 13). Plaintiff claims that these exhibits are composed of emails from Corizon's corporate officials and medical supervisors produced by Corizon during discovery in that case and the deposition testimony of Corizon's Director of Nursing. *Id*.

## STANDARD

### A. 12(b)(6) Motion to Dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Two working principles underlie *Twombly* as identified in *Iqbal*. *Id.* "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id.* at 678-79. In other words, dismissal is appropriate if there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Second, in regards to plausibility, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Fair v. Atencio*, Case No. 1:18-cv-198-BLW, 2019 WL 1645204 *2 (D. Idaho Apr. 16, 2019) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

On a motion to dismiss under Rule 12(b)(6), all allegations of material fact in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007) (citing *McGary v. City of Portland,* 386 F.3d 1259, 1261 (9th Cir. 2004). A court must determine whether, "'assuming all facts and inferences in favor of the nonmoving party, it appears beyond doubt that [Marder] can prove no

set of facts to support [her] claims.'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir.2003)). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity..." *Id.* "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003)). A Court may consider documents attached to or referred to in the complaint without transforming the motion to dismiss into a motion for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court may take judicial notice of state statutes and "of the records of state agencies and other undisputed matters of public record" without transforming a motion to dismiss into a motion for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n1 (9th Cir. 2004).

The issue with regard to dismissal is not whether a plaintiff will ultimately prevail; the issue is whether the claimant is entitled to support their claims through proffered evidence. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). The Ninth Circuit has reasoned, appropriate dismissal of a complaint occurs if it appears, beyond a doubt, that the plaintiff cannot prove a set of facts in support of the claim which entitles him to relief. *Stoner*, 502 F.3d at 1120. A dismissal of a complaint without leave to amend is improper, unless it is clear that the complaint "could not be saved by any amendment." *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006).

### B. 12(f) Motion to Strike

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court can act "on its own" or "on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." "The function of a 12(f) motion to strike is to

avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Miesen v. Henderson*, Case No. 1:10-cv-00404-CWD, 2017 WL 1458191, at *4 (D. Idaho Apr. 21, 2017) (quoting *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1989)); *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1992) (finding that a Rule 12(f) motion to strike should be granted where it properly results in the removal of unnecessary clutter and expedites a case). Motions to strike are construed in the light most favorable to the nonmoving party, and "[t]he Court has broad discretion in disposing of motions to strike." *Miesen*, 2017 WL 1458191, at *4 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) *rev'd on other grounds* 510 U.S. 517 (1994) and *United States v. 45.43 Acres of Land Situate in Ada County, Idaho*, 2009 WL 1605127 (D. Idaho June 4, 2009)).

## DISCUSSION

### A. 12(b)(6) Motion to Dismiss

Defendant Warden Gentry moves the Court to dismiss all claims against her with prejudice. (Doc. 22). Warden Gentry argues that Plaintiff's allegations are conclusory and speculative statements that seek to impose *respondeat superior* liability against Warden Gentry, which is impermissible under the 8th Amendment. Gentry also contends the issuance of declaratory relief is inappropriate because it will "neither serve a useful purpose in clarifying and settling relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985). No purpose is served by issuing a declaration regarding specific instances of past conduct that no longer exists. *Wood v. Yordy*, No. 1:07-CV-00350-EJL, 2012 WL 1252989, at *8 (D. Idaho Mar. 30, 2012), *aff'd*, 753 F.3d 899 (9th Cir. 2014).

Plaintiff claims that she seeks monetary relief against Warden Gentry in her individual capacity and may seek declaratory relief. (Doc. 28, 5). *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991)

(citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)) (holding that the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983.). Plaintiff alleges that she suffers "continuing injuries" from her incarceration and is currently on parole and subject to being incarcerated until February 18, 2018. (Doc. 28, 6). Plaintiff also argues that she does not seek to impose *respondeat superior* liability against Warden Gentry, but rather liability for her supervisory role, which is not barred.

Warden Gentry argues that Plaintiff's Eighth Amendment allegations against her are insufficient to satisfy the Rule 8 pleading standard and survive a motion to dismiss. (Doc. 22-1, 7) To establish a claim under the Eighth Amendment, a Plaintiff must allege facts sufficient to demonstrate two things. First, the Plaintiff must allege facts demonstrating that the conditions under which the individual was confined presented a "substantial risk of serious harm" to him. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). And second, the individual must allege facts sufficient to show that each person the individual seeks to hold liable acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Furthermore, "An individual defendant 'may be held liable as a supervisor under § 1983 'if there existseither (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). In order to establish a causal connection the allegations must be that a defendant:

> (1) "set[ ] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) "failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others."

*Atencio*, 2019 WL at *3 (quoting *Baca*, 652 F.3d at 1205-09).

The Court agrees with Plaintiff that her First Amended Complaint has plausibly alleged numerous facts which are not conclusory or speculative and therefore survive Defendant's Motion

to Dismiss. Plaintiff has pled numerous factual allegations against Gentry. *Iqbal*, 556 U.S. at 678. Plaintiff has alleged Gentry had the duty and responsibility to ensure, implement, and supervise the provision of her medical/dental treatment in compliance with IDOC Standard Operating Procedures and Corizon's contract and she engaged in, supervised, or ratified the acts or omissions of Corizon. Plaintiff has alleged Gentry's actions and inactions were taken as the final decision maker for the customs, policies, and practices of correctional officers regarding the provision of medical care by Corizon. Plaintiff has alleged she requested medical assistance from officers for her visible and obvious pain, swelling, infection, and bleeding but the only response from Defendants Dye and Smith was that it was "normal" under Corizon's custom and policy of not calling qualified medical professionals to examine and diagnosis inmates. The officers' only response was to have Plaintiff lay in the day room for days and give her gauze for the bleeding. Plaintiff has alleged Gentry was the final decision maker who approved or ratified the customs and policies of correctional officers not ensuring inmates suffering dental emergencies receive medical care by qualified medical professionals. Plaintiff additionally alleges that the use of restraints on her while she was hospitalized further violated her Eighth Amendment rights.

In *Roberts v. Blades* the Court screened a prisoner's complaint to determine if the "claims appear plausible and supported at least by some particular factual allegations." *Id.* at 2014 WL 7149576 *1 (D. Idaho Dec. 15, 2014). The Court recognized the prisoner's difficulty in pleading allegations because the evidence needed to support the claims was solely in the hands of officials. *Id.* The prisoner alleged the medical defendant refused to treat his severe pain or schedule surgery and that Corizon has a policy and custom of not providing pain medication. *Id.*, at *3. Plaintiff alleged the warden was "involved in the oversight and review of Corizon's medical treatment." *Id.* The Court held plaintiff stated a claim against the prison warden. *Id.* (citing *Starr*, 652 F.3d at 1205-09). The Court recognized that "[w]hile Warden Blades has no direct supervisory authority over Corizon medical staff, he is ultimately responsible for the health and welfare of inmates in his prison, and has authority to make or order additional inquiries into an inmate's health care complaints that are brought to his attention." *Id.*

In *Niendorf v. Gooding County* plaintiff's pleading alleged the County was deliberately indifferent to a serious medical need, failed to train and supervise officers under the Eighth Amendment, and was negligent under state law after an inmate committed suicide in the jail. *Id.*, 2010 WL 742857 (D. Idaho February 25, 2010). Defendants filed a motion to dismiss contending that the pleadings did not meet the plausibility standard and the factual allegations were largely conclusory statements. *Id.,* at *1. Similar to Gentry's Motion, defendants argued: "while Plaintiffs may have formulaically recited the elements of a cause of action, under *Iqbal*, the absence of any further specificity morphs their allegations into bare legal conclusions, unsupported by any factual allegations." *Id.,* at *5. The Court recognized: "Plaintiffs' allegations that the individual Defendants knew Mr. Caster was at a substantial risk of committing suicide, yet intentionally disregarded that risk, are more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation;' they allow this Court 'to draw the reasonable inference that the [individual Defendants] [are] liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 50)). The Court agrees that Plaintiff's factual allegations similarly plausibly state a claim and are not bare legal conclusions.

In conclusion, the Court finds that Plaintiff's allegations satisfy Rule 12(b)(6) requirements and applicable case law supports this determination. Plaintiff alleges sufficient facts against Warden Gentry to entitle her to support her claims through proffered evidence. *Hydrick*, 500 F.3d at 985. Therefore, Defendant Warden Gentry's Motion to Dismiss is **DENIED**.

### B. 12(f) Motion to Strike

Defendants argue that Plaintiff's request in her Complaint to take judicial notices of exhibits from *Ocampo* is inappropriate and should be stricken at the outset because Bergstrom fails to cite any rule or authority in support of making such a request for judicial notice in the Complaint itself. The Court grants Defendants' Motion here, because any such requests for the Court to take judicial notice should be made in a separate motion. The Court notes that this decision does not at this time seek to prevent Plaintiff from using these exhibits as evidence in this case in the future.

## CONCLCUSION

For the reasons set forth in this Order, the Motion to Dismiss (Doc. 22) all claims against Defendant Warden Gentry is **DENIED**, and the Motion to Strike (Doc. 27) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 17, 2020                                        /s/ Douglas Harpool
                                                                                **DOUGLAS HARPOOL**
                                                                                **United States District Judge**